## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

BRANDON CATES,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　 )　　Case No. _____
　　　　　　　　　　　　　　　　　　 )
ALABAMA FOUNDATION SPECIALISTS,　 )
INC.,　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Defendant.　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )

## NOTICE OF REMOVAL

Defendant, Alabama Foundation Specialists, Inc., hereby removes this action to this Court pursuant to 28 U.S.C.A. §§ 1331, 1332, 1441, and 1446 and, in support thereof, states as follows:

1.　　　On December 19, 2016, Plaintiff filed a Complaint (the "Complaint") commencing the action styled *Brandon Cates v. Alabama Foundation Specialists, Inc.,* in the Circuit Court for Bradley County, Tennessee, Case No. V-16-864, wherein Brandon Cates is the Plaintiff, and Alabama Foundation Specialists, Inc., is identified as the Defendant.

2.　　　On March 10, 2017, Defendant received a copy of the Complaint and Summons. A copy of the Complaint and Summons Defendant received is attached hereto and marked **Exhibit A**.

### I.　　Grounds for Federal Question Jurisdiction

3.　　　In his Complaint, Plaintiff alleges, among other things, that his cause of action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq. See* Compl. ¶¶ 22-33.

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, because Plaintiff's claims are based upon a federal question arising under the laws of the United States.  Accordingly, this action is subject to removal pursuant to 28 U.S.C. § 1441.

5.      Specifically, Section 1441(a) specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."   Thus, this action is properly removable.  Pursuant to 28 U.S.C. § 1441(c), this Court may also exercise jurisdiction over Plaintiff's state law claim asserted under TCA § 50-1-304.

6.      This lawsuit has also been properly removed to this district court as 28 U.S.C.A. § 1446(a) specifies that the notice of removal shall be filed in the district court of the United States for the district and division within which such action is pending. Pursuant to 28 U.S.C.A. § 123(b)(1), this district and division encompasses Bradley County where the action was pending prior to removal.

## II.      Grounds for Diversity Jurisdiction

7.      According to the allegations in the Complaint, Plaintiff is a citizen of Tennessee. (See Compl. ¶1).

8.      According to the allegations in the Complaint, Defendant is a "business entity that was formed in Alabama and that maintains its principal place of business in Alabama."  (See Compl. ¶ 2).  Accordingly, Plaintiff and Defendant are citizens of different states.

9.      In the prayer for relief in his Complaint, Plaintiff seeks a judgment against Defendant "for his pain, suffering, emotional distress, inconvenience, embarrassment, lost

wages, liquidated damages, and other compensatory damages in the amount of $100,000, and Plaintiff's accrued attorneys' fees and costs." (Compl. pp. 5-6).

10.     Therefore, this Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), based on the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeding $75,000.

**III.     Defendant's Notice of Removal Is Timely Filed**

11.     This Notice of Removal is being filed within thirty days after Defendant's first receipt of the Complaint (March 10, 2017), from which it first ascertained that this cause has become removable, and is timely filed under 28 U.S.C. § 1446(b).

12.     Pursuant to 28 U.S.C.A. § 1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Bradley County Circuit Court, with a copy to be served on Plaintiff's counsel.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **<u>Exhibit B</u>**.

By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to it under state and federal law.

WHEREFORE, Defendant Alabama Foundation Specialists, Inc., pursuant to 28 U.S.C.A. §§ 1441 and 1446 respectfully submits, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and requests that this Court retain jurisdiction over this action.

WHEREFORE, Defendant removes this action from State Court to this Court.

Submitted:  April 7, 2017

Respectfully submitted,

/s/ Wendy V. Miller
Wendy V. Miller, TN #023500
Casey M. Parker, TN #033081
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
615.254.1900 (telephone)
615.254.1908 (facsimile)

Counsel for Defendant

## CERTIFICATE OF SERVICE

I, Wendy V. Miller, hereby certify that on the 7th day of April 2017, I mailed true and correct copies of the above and foregoing instrument to:

Joshua R. Ward, Esq.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421

by depositing said copies in the United States mail with proper postage prepaid thereon.

/s/ Wendy V. Miller
Wendy V. Miller

29394483.1

29399199.1

4